IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAEL TAYLOR, KIMBERLY BERRY, and FONTANE BERRY, *Plaintiffs*, | § | |
| v. | § | Case No. 1:25-cv-00622-ADA-DH |
| SERGEANT SCOTT SIEBER, LIEUTENANT TIM STACK, OFFICER CODY PILGRIM, and OFFICER WENDY LOPEZ, *Defendants*. | § | |

---

**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT**

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants, Sergeant Scott Sieber, Lieutenant Tim Stack, Officer Cody Pilgrim, and Officer Wendy Lopez, by and through their attorneys of record, files this their Answer to Plaintiffs' First Amended Complaint (Dkt. 20), and in support thereof would respectfully show the Court as follows:

# I. ANSWER

**A. Parties.**

1. Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained within Paragraphs 1 – 3 of Plaintiffs' First Amended Complaint.

2. Defendants admit the allegations contained within Paragraphs 4 – 7 of Plaintiffs' First Amended Complaint.

**B. Jurisdiction and Venue.**

3. As to the allegations contained in Paragraphs 8 – 9 of Plaintiffs' First Amended Complaint, Defendants admit that this Court has federal question jurisdiction over the 42 U.S.C. § 1983 claims brought by Plaintiffs pursuant to 28 U.S.C. § 1331 and 1343. Defendants admit that Venue is proper in the Western District of Texas and that all Defendants reside in the State of Texas.

**C. Facts.**

4. As to paragraphs 10 – 17 of Plaintiffs' First Amended Complaint, Defendants admit that Lieutenant Stack conducted a traffic stop related to an inspection sticker of a white woman, that he did not write her a ticket, and that he did smell the odor of marijuana but could not tell whether it was coming from inside the car or not, as he was around numerous houses in a neighborhood. The individual who was doing the ride along stood far away from the vehicle and likewise smelled the odor, suggesting it may not be from the vehicle. He did comment to the ride along individual that she seemed like a worker bee type of woman. Defendants admit Lieutenant Stack did ask her about the odor and that she denied it. The subject had her up-to-date registration sticker in her car but had not yet affixed it to her windshield, and she was allowed to leave without a ticket. Defendants admit Lieutenant Stack never used force against her and never asked her to step out of her vehicle. Defendants deny that Plaintiff Taylor was detained for "the same issue—marijuana

odor," as the first subject was pulled over for registration sticker deficiency while Plaintiff Taylor was pulled over for swerving and unlawfully honking his horn at another driver. No Plaintiff was arrested for possession of marijuana. Otherwise, denied.

5. As to the allegations contained in Paragraphs 18 – 20 of Plaintiffs' First Amended Complaint, Defendants admit that he saw Plaintiff honking his horn while tailgating a car in front of him, pursued Plaintiff's vehicle, that Plaintiff pulled into a residential driveway, that Lieutenant Stack pulled behind him, and that his body worn camera did not record the initial interaction with Plaintiff Taylor.

6. As to the allegations contained in Paragraphs 21 – 24 of Plaintiffs' First Amended Complaint, Defendants deny that Plaintiff Taylor never did anything that could be construed as threatening or potentially dangerous for Lieutenant Stack. Defendants deny that Plaintiff Taylor's conduct could collectively be construed as "complying." Defendants deny that Lieutenant Stack initiated the stop by "yell[ing]," but he did ask Plaintiff why he was honking his horn. Defendants admit that Lieutenant Stack said nothing about marijuana when he first pulled him over.

7. As to the allegations contained in Paragraphs 25 – 29 of Plaintiffs' First Amended Complaint, Defendants admit that Plaintiff admitted to honking the horn because the car in front of him was moving slowly, and that Lieutenant Stack asked for his license and insurance. Plaintiff Taylor responded by verbally admitting he was refusing to show his driver's license to Lieutenant Stack.[1] Defendant lacks the information necessary to be able to admit or deny Plaintiff's statement regarding Plaintiff Taylor's thoughts or intentions. Defendants deny that Plaintiff Taylor's hands were always on his wheel and deny that his hands were always visible. Defendants admit he was

---

[1] *See* TEX. PEN. CODE § 38.02(b-1)(2) (A person commits an offense if the person: (2) fails to provide or display the person's driver's license on the officer's request for the license).

holding his phone but lack the information necessary to be able to admit or deny if or who he may have called using it. Defendants deny that Lieutenant Stack was angry, acted hostilely, or yelled, but admit he issued commands for Plaintiff Taylor to exit the vehicle. Otherwise, denied as written.

8. As to the allegations contained in Paragraphs 30 – 34 of Plaintiffs' First Amended Complaint, Defendant admits that Lieutenant Stack reached through the window to open the door after Plaintiff Taylor began refusing commands to stop reaching within his car for an unknown object and admit that Lieutenant Stack physically extracted Plaintiff Taylor from the car for the same reason. Defendants admit that Lieutenant Stack did use one elbow strike on Plaintiff Taylor in response to Plaintiff Taylor reaching for his own waistband. Defendants deny that Lieutenant Stack used any force against Plaintiff Taylor other than soft hand control to extract and later to handcuff him, and one elbow strike to stop him from reaching into his own waistband before he was handcuffed. Defendants deny that he did so with the intent to cause pain, and instead did it to make him stop his potentially dangerous conduct so that handcuffs could be secured and the scene made safe. Defendants admit Lieutenant Stack did handcuff and put him in the back of a police car. Otherwise, denied.

9. Defendants admit allegations contained in Paragraph 35 of Plaintiffs' First Amended Complaint.

10. Defendants deny allegations contained in Paragraphs 36 – 38 of Plaintiffs' First Amended Complaint.

11. Defendants lack the information necessary to admit or deny the allegations in Paragraph 39 but deny that Plaintiff Taylor was assaulted.

12. As to the allegations contained in Paragraph 40 of Plaintiffs' First Amended Complaint, Defendants lack the information necessary to admit or deny the timing, deny that Lieutenant Stack

violently assaulted anyone, deny the implication that Lieutenant Stack made the decision to use excessive force in that order, deny that he "dragged" anyone out of the car, and deny that he "gained total compliance," but otherwise admit that the other bullet-pointed events did occur.

13. As to the allegations contained in Paragraphs 41 – 48 of Plaintiffs' First Amended Complaint, Defendants deny that Lieutenant Stack could have taken other actions due to the dangerous conduct being displayed by Plaintiff Taylor and his refusal to stop when commanded to do so. Defendants deny that excessive force was used; deny that he tried to justify his actions after the fact; deny that Plaintiff Taylor never offered any resistance; deny that he "simply" sat in his driveway and talked to his mother; deny that his actions did not constitute a threat; and deny that Lieutenant Stack was not in any potential danger. Defendants admit that the smell of marijuana alone would not ordinarily constitute probable cause to use force beyond force potentially needed to effect an arrest, but Defendants deny that Lieutenant Stack used the force he did because of the smell of marijuana. Otherwise, denied as written.

14. As to the allegations contained in Paragraphs 49 – 63 of Plaintiffs' First Amended Complaint, Defendants admit that multiple officers arrived on scene but deny they did so because a teenager honked a car or called his mother. Defendants admit that Mr. & Mrs. Berry arrived and approached the officers, and admit that all Plaintiffs are Black. Defendants admit Mrs. Berry began questioning the officers but deny that she was calm. Defendants admit that Officer Pilgrim stated that the officers could not safely search the vehicle with the onlookers standing so close to the vehicle and grilling the officers. Otherwise, denied as written.

15. As to the allegations contained in Paragraphs 64 – 71 of Plaintiffs' First Amended Complaint, Defendants admit that Officer Pilgrim touched Mr. Berry's arm as part of his commands to make the scene safe for the search to continue. Defendants admit Mr. Berry yelled

at Officer Pilgrim not to touch him as he was contemporaneously refusing to comply with lawful commands to step backwards from the vehicle search that was actively taking place. Defendants admit that Officer Pilgrim threatened to detain Mr. Berry if he continued refusing to comply with orders to step back from the search. Otherwise, denied as written.

16. As to the allegations contained in Paragraphs 72 – 76 of Plaintiffs' First Amended Complaint, Defendants admit that Lieutenant Stack was physically present at the scene but deny Plaintiff's stated positioning of Lieutenant Stack relative to Fontane Berry. Defendants admit that Lieutenant Stack has worked in law enforcement for over twenty years. Defendants admit that Officer Pilgrim touched Mr. Berry's arm as part of his commands to make the scene safe for the search to continue. Defendants deny that Lieutenant Stack observed Pilgrim in an agitated and aggressive state or escalating the encounter in any way. Defendants admit that that Lieutenant Stack observed Officer Pilgrim threatened to detain Mr. Berry if he continued refusing to comply with orders to step back from the search. Defendants deny that that excessive or unconstitutional force was used. Otherwise, denied as written.

17. As to the allegations contained in Paragraphs 77 – 78 and 82 – 94 of Plaintiffs' First Amended Complaint, Defendants deny that Lieutenant Stack was the officer who took Mr. Berry to the ground, but he did hold onto his arm to guide him downward. Defendants deny that they pulled Mr. Berry's arm in an unnatural direction, deny that any officer performed any action with the intent to cause severe pain to anyone, deny that any officer had racial animus, and deny that any officer showed "glee" in performing their duties. Defendants admit that Officer Pilgrim used a headlock maneuver to control Mr. Berry and made a verbal comment about doing so. Defendants admit that Mr. Berry was holding his phone during part of the encounter. Otherwise, denied as written.

18. As to the allegations contained in Paragraphs 79 – 81 of Plaintiffs' First Amended Complaint, Defendants admit that Lakeway Police Department policy addresses an officer's duty to intervene under appropriate circumstances. Defendants deny that any officer used excessive or unconstitutional levels of force, and thus deny that any duty to intervene existed and deny that Lieutenant Stack failed to exercise any legally required duty, and deny the remaining allegations as written.

19. As to the allegations contained in Paragraphs 95 – 104 of Plaintiffs' First Amended Complaint, Defendant admit that there was a statement made about recommending Failure to ID charges when one of the officers misunderstood Mr. Berry and believed he had an ID and was refusing to provide it to police. Defendants admit that they temporarily placed a second set of handcuffs on Mr. Berry, but deny that they did so with any intent to cause pain or discomfort. Defendants admit that a discussion took place regarding what charges most accurately fit the conduct observed, as is customary for almost any arrest. Otherwise, denied as written.

20. As to the allegations contained within Paragraphs 105 – 134 of Plaintiffs' First Amended Complaint, Defendants admit that Chief Glen Koen was the policymaker for the City of Lakeway Police Department's policies; Defendants admit that Lieutenant Stack was found to have complied with LPD policy; admit that the City did not discipline Stack, Lopez, or Seiber; admit that the City did determine Officer Pilgrim had violated policy and disciplined him for it; and admit that Defendant City of Lakeway formally investigated the incident and determined that Officer Pilgrim failed to de-escalate. Otherwise, denied as written.

21. As to the allegations contained within Paragraphs 135 – 153 of Plaintiffs' First Amended Complaint, Defendants lack the information necessary to be able to admit or deny the effect this incident had on the lives of the plaintiffs. Defendants admit that the charges against Plaintiffs were

dropped but do not know why such actions were taken by the District Attorney's office. Otherwise, denied as written.

**D. Causes of Action.**

**i. Fourth and Fourteenth Amendment Excessive Force (Plaintiff Taylor Against Defendant Lieutenant Stack).**

22. As to the allegations contained in Paragraphs 154 – 157 of Plaintiffs' First Amended Complaint, Defendants admit that they were acting under the color of law during the incident that forms the basis of this lawsuit. Otherwise, pursuant to Federal Rule of Civil Procedure 8(b), a defendant need not respond to plaintiff's mere legal conclusions. To the extent a response is required, Defendants deny that Lieutenant Stack violated Plaintiff's right to be free from excessive force. Instead, their actions were justified under clearly established law. They are entitled to qualified immunity and raise that defense *infra*. Otherwise, denied.

**ii. Fourth and Fourteenth Amendment Excessive Force (Plaintiff F. Berry Against Defendants Lieutenant Stack, Sergeant Seiber and Officer Pilgrim).**

23. As to the allegations contained in Paragraphs 158 – 161 of Plaintiffs' First Amended Complaint, Defendants admit that they were acting under the color of law during the incident that forms the basis of this lawsuit. Otherwise, pursuant to Federal Rule of Civil Procedure 8(b), a defendant need not respond to plaintiff's mere legal conclusions. To the extent a response is required, Defendants deny that they violated Plaintiff's right to be free from excessive force. Instead, their actions were justified under clearly established law. They are entitled to qualified immunity and raise that defense *infra*. Otherwise, denied.

**iii. Fourth and Fourteenth Amendment False Arrest (Plaintiff Taylor Against Defendants Sergeant Seiber and Lieutenant Stack).**

24. As to the allegations contained in Paragraphs 162 – 165 of Plaintiffs' First Amended Complaint, admit that they were acting under the color of law during the incident that forms the

basis of this lawsuit. Otherwise, pursuant to Federal Rule of Civil Procedure 8(b), a defendant need not respond to plaintiff's mere legal conclusions. To the extent a response is required, Defendants deny that they violated Plaintiff's right to be free from false arrest. Instead, their actions were justified under clearly established law. They are entitled to qualified immunity and raise that defense *infra*. Otherwise, denied.

**iv. Fourth and Fourteenth Amendment False Arrest (Plaintiff F. Berry Against Defendants Officer Pilgrim, Sergeant Seiber, and Lieutenant Stack).**

25. As to the allegations contained in Paragraphs 166 – 169 of Plaintiffs' First Amended Complaint, admit that they were acting under the color of law during the incident that forms the basis of this lawsuit. Otherwise, pursuant to Federal Rule of Civil Procedure 8(b), a defendant need not respond to plaintiff's mere legal conclusions. To the extent a response is required, Defendants deny that they violated Plaintiff's right to be free from false arrest. Instead, their actions were justified under clearly established law. They are entitled to qualified immunity and raise that defense *infra*. Otherwise, denied.

**v. Fourth and Fourteenth Amendment False Arrest (Plaintiff K. Berry Against Defendants Officer Lopez).**

26. As to the allegations contained in Paragraphs 170 – 173 of Plaintiffs' First Amended Complaint, admit that they were acting under the color of law during the incident that forms the basis of this lawsuit. Otherwise, pursuant to Federal Rule of Civil Procedure 8(b), a defendant need not respond to plaintiff's mere legal conclusions. To the extent a response is required, Defendants deny that they violated Plaintiff's right to be free from false arrest. Instead, their actions were justified under clearly established law. They are entitled to qualified immunity and raise that defense *infra*. Otherwise, denied.

**vi. First Amendment Retaliation (Plaintiff F. Berry Against Defendants Lieutenant Stack and Officer Pilgrim).**

27. As to the allegations contained in Paragraphs 174 – 179 of Plaintiffs' First Amended Complaint, admit that they were acting under the color of law during the incident that forms the basis of this lawsuit. Otherwise, pursuant to Federal Rule of Civil Procedure 8(b), a defendant need not respond to plaintiff's mere legal conclusions. To the extent a response is required, Defendants deny that they violated Plaintiffs' First Amendment rights. Instead, their actions were justified under clearly established law. They are entitled to qualified immunity and raise that defense *infra*. Otherwise, denied.

**vii. 42 U.S.C. § 1983 – Failure to Intervene / Bystander Liability (Plaintiff Taylor Against Defendant Sergeant Seiber)**

28. As to the allegations contained in Paragraphs 180 – 186 of Plaintiffs' First Amended Complaint, Defendants admit that Sergeant Seiber was acting under color of law during the incident that forms the basis of this lawsuit. Otherwise, pursuant to Federal Rule of Civil Procedure 8(b), a defendant need not respond to Plaintiff's mere legal conclusions. To the extent a response is required, Defendants deny that Lieutenant Stack used excessive or unconstitutional levels of force against Plaintiff Taylor, and thus deny that any duty to intervene existed. Otherwise, denied.

**viii. 42 U.S.C. § 1983 – Failure to Intervene / Bystander Liability (Plaintiff Fontane Berry Against Defendant Lieutenant Stack)**

29. As to the allegations contained in Paragraphs 187 – 193 of Plaintiffs' First Amended Complaint, Defendants admit that Lieutenant Stack was acting under color of law during the incident that forms the basis of this lawsuit. Otherwise, pursuant to Federal Rule of Civil Procedure 8(b), a defendant need not respond to Plaintiff's mere legal conclusions. To the extent a response is required, Defendants deny that Officer Pilgrim used excessive or unconstitutional levels of force

against Plaintiff Fontane Berry, and thus deny that any duty to intervene existed. Otherwise, denied.

**ix. 42 U.S.C. § 1983 – Failure to Intervene / Bystander Liability (Plaintiff F. Berry Against Defendant Officer Lopez)**

30. As to the allegations contained in Paragraphs 194 – 200 of Plaintiffs' First Amended Complaint, Defendants admit that Officer Lopez was acting under color of law during the incident that forms the basis of this lawsuit. Otherwise, pursuant to Federal Rule of Civil Procedure 8(b), a defendant need not respond to Plaintiff's mere legal conclusions. To the extent a response is required, Defendants deny that Defendants Stack, Seiber, and Pilgrim used excessive or unconstitutional levels of force against Plaintiff Fontane Berry, and thus deny that any duty to intervene existed. Otherwise, denied. Otherwise, denied.

**E. Damages, Punitive Damages, Attorney Fees & Costs, and Prayer.**

31. As to the allegations contained in Paragraphs 201 – 204 of Plaintiffs' First Amended Complaint, no answer is necessary from these Defendants. To the extent any answer is deemed necessary, Defendants admit that Plaintiffs seek the relief requested therein but deny that Plaintiffs are entitled to this relief.

## II. AFFIRMATIVE DEFENSES & IMMUNITIES

32. Defendants deny any deprivation under color of statute, ordinance, custom, or abuses of any rights, privileges, or immunities secured to the decedent by the United States Constitution, state law, or 42 U.S.C. § 1983, *et seq*.

33. Defendants hereby invoke the doctrine of Qualified Immunity and Official Immunity. Defendants discharged their obligations and public duties in good faith and would show that their actions were objectively reasonable in light of the law and the information possessed at that time,

and that no clearly established law exists prohibiting them from using force against a person who is believed to have very recently used a deadly weapon, and is uncompliant with officer commands when those commands are given in order to secure the scene to make it safe for all persons involved.

34. Further and in the alternative, the incident in question and the resulting harm to Plaintiffs was caused or contributed to by another persons' own illegal and/or or reckless conduct, including but not limited to the conduct of the Plaintiffs themselves. To the extent legally applicable herein, Defendants invoke the comparative responsibility provisions of the Texas Civil Practice & Remedies Code.[2]

35. Defendants further plead that, in the unlikely event they are found to be liable, such liability be reduced by the percentage of the causation found to have resulted from the acts or omissions of other persons, including Plaintiff himself.

36. Defendants plead that they had legal justification for each and every action taken by them relating to this incident based on the information available to them at the time.

37. Defendants assert the limitations and protections of Chapter 41 of the Texas Civil Practice & Remedies Code, and the Due Process Clause of the United States Constitution.

38. Defendants assert the limitations and protections of Chapter 101 of the Texas Civil Practice & Remedies Code.

39. Defendants reserve the right to assert additional affirmative defenses throughout the development of this case.

40. To the extent Defendants did not address any specific averment made by Plaintiffs in their Original Complaint, they expressly deny all such averments.

---

[2] *See* TEX. CIV. PRAC & REM. CODE ANN. § 33.001.

## IV. JURY DEMAND

41. Pursuant to Federal Rule of Civil Procedure 48, Defendants hereby request a jury trial.

## V. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendants, Sergeant Scott Sieber, Lieutenant Tim Stack, Officer Cody Pilgrim, and Officer Wendy Lopez, pray that upon a final hearing of this cause, the Court dismiss all of Plaintiffs' claims with prejudice, that all costs of court be assessed against Plaintiffs, that they be awarded attorney fees incurred in the defense of this suit, and for all further relief to which they may be justly entitled.

Respectfully submitted,

**WRIGHT & GREENHILL, P.C.**
4700 Mueller Blvd., Suite 200
Austin, Texas 78723
(512) 476-4600
(512) 476-5382 – Fax

By: /s/ Blair J. Leake
Blair J. Leake
State Bar No. 24081630
bleake@w-g.com
Stephen B. Barron
State Bar No. 24109619
sbarron@w-g.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of June, 2025, a true and correct copy of the foregoing document was caused to be served upon all counsel of record via E-File/E-Service and/or E-Mail, in accordance with the Federal Rules of Civil Procedure.

/s/ Blair J. Leake
Blair J. Leake